# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIOTT RAYMOND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. CV 18-3787 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## INTRODUCTION

Robert Elliott Raymond ("Plaintiff") brings this action seeking to overturn the decision of the Acting Commissioner of Social Security (the "Commissioner" or "Agency") denying his application for Disability Insurance Benefits ("DIB"). The parties consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 13-14). For the reasons stated below, the decision of the

Commissioner is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this decision.

## II.

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents the claimant from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing work previously performed or any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an Administrative Law Judge ("ALJ") conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

    (3)    Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

    (4)    Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

    (5)    Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his or her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert ("VE") or by

3

reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the grids are inapplicable and the ALJ must take the testimony of a VE. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## III.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Act. (AR 15-26). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the period from June 13, 2015, the alleged onset date, through March 31, 2017, the date last insured.[1] (AR 17). At step two, the ALJ found that through the date last insured, Plaintiff's lumbar disc disease, obesity, post-traumatic stress disorder (PTSD), and bipolar disorder are severe impairments. (AR 17). At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or

---

[1] Plaintiff was previously denied disability benefits in decisions issued by another ALJ on April 4, 2014, and June 12, 2015. (AR 15). The alleged onset date in the present claim is the day following the most recent unfavorable decision by an ALJ. (AR 15).

4

medically equaled the severity of any of the listings enumerated in the regulations. (AR 18-19).

The ALJ then assessed Plaintiff's RFC and concluded that he can perform medium work as defined in 20 C.F.R. § 404.1567(c) except:[2]

> [Plaintiff] is limited to simple, repetitive, routine tasks. [Plaintiff] has sufficient ability to maintain concentration, persistence, or pace for 2-hour periods. [Plaintiff] is limited to a low stress environment, which is defined as involving only occasional changes in the work setting, occasional decision-making, and occasional judgment. [Plaintiff] is limited to occasional interaction with coworkers. [Plaintiff] is precluded from interaction with the public.

(AR 19). At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform his past relevant work. (AR 24). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined at step five that through the date last insured there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including hand packer, conveyor feeder, and kitchen

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

5

helper. (AR 24-25). Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Act from June 13, 2015, the alleged onset date through March 31, 2017, the date last insured. (AR 25).

**IV.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its

judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

**V.**

**DISCUSSION**

Plaintiff raises two claims for relief: (1) the ALJ failed to properly consider the consultative examiner's opinion; and (2) the ALJ improperly rejected Plaintiff's 100% VA disability rating. (Dkt. No. 17).

**A. The ALJ's Reasons For Rejecting The Consultative Examiner's Opinion Are Not Supported By Substantial Evidence**

On March 19, 2017, Carson K. Chambers, Ph.D., performed a mental evaluation on behalf of the Agency. (AR 433-36). Plaintiff appeared to be emotionally uncomfortable, exhibited a tendency to look away, and reported that he has difficulty sleeping, processing information, and completing projects. (AR 433-34). On examination, Plaintiff put forth a reasonable effort but had a "tendency to go off on tangents and speak at length about issues that were not directly related to the interview process." (AR 434). Dr. Chambers had to bring Plaintiff back into the interview content. (AR 434). Plaintiff's thought process was tangential, he was anxious and depressed, his affect was mood congruent, and he was unable to learn and retain a series of three words and repeat them after a five-minute period. (AR 434-35). Dr. Chambers

7

diagnosed a history of PTSD. (AR 434). He concluded that Plaintiff was mildly impaired in his ability to work with supervisors, coworkers, and the public, and moderately impaired in his ability to perform repetitive tasks, to perform complex tasks, to deal with regular workplace attendance, and to deal with workplace stressors.³ (AR 435-36).

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). The regulations "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing [(nonexamining)] physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); accord Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). "The weight afforded a non-examining physician's testimony depends 'on the degree to which they provide supporting explanations for their opinions.'" Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1201 (9th Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(3)).

---

³ The VE testified that there are no jobs available for someone who is not capable of even simple, repetitive tasks. (AR 122).

8

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id.; see also Reddick, 157 F.3d at 725 (the "reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citation omitted). "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ found Dr. Chambers's opinion "partially persuasive": "The mild findings upon examination were consistent with the reports in the mental status examinations throughout the evidence. The assessed moderate functional limitations were too restrictive due to the lack of findings. Those limitations were rejected as medically unsupported." (AR 23). Because Dr. Chambers's opinion was contradicted by the opinion of the state agency consultant (AR 184-99), the ALJ was required to give specific and legitimate reasons that are supported by substantial evidence in the record

9

for rejecting Dr. Chambers's opinion. See Lester, 81 F.3d at 830–31 ("the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record"). Here, the ALJ neither gave specific reasons nor supported his reasons with substantial evidence.

First, Dr. Chambers's opinion is supported by his own objective examinations. In evaluating a consultative examiner's opinion, the ALJ must consider the extent to which the opinion is supported by clinical and diagnostic examinations in determining the weight to give the opinion. Revels, 874 F.3d at 654; 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). While the ALJ summarized some of Dr. Chambers's clinical findings, the ALJ failed to acknowledge that Plaintiff was unable to maintain focus throughout the evaluation and could not retain a series of three words and repeat them after a period of five minutes. (AR 434-35). "[A]n ALJ may not pick and choose evidence unfavorable to the claimant while ignoring evidence favorable to the claimant." Cox v. Colvin, 639 F. App'x 476, 477 (9th Cir. 2016) (citing Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014)). Plaintiff's inability to maintain focus or remember simple items is consistent with a moderate impairment in performing repetitive or complex tasks. Further, Plaintiff's emotional discomfort throughout Dr. Chambers's evaluation is consistent with a moderate impairment in dealing with workplace stressors.

Second, the ALJ does not identify which medical records contradict Dr. Chambers's opinion. (AR 23). Defendant contends that the ALJ cited VA treatment notes that contradicted Dr. Chambers's opinion. (Dkt. No. 24 at 4-5). However, merely assessing the medical record prior to describing Dr. Chambers's report does not provide a "specific" reason for rejecting the consultative examiner's opinion. See Rayford v. Colvin, No. 13 CV 5839, 2015 WL 1534119, at *4 (N.D. Cal. Apr. 1, 2015) (ALJ cannot reject examining physician's opinion without explanation); Nesbit v. Colvin, No. C13-0830, 2013 WL 6880929, at *5 (W.D. Wash. Dec. 31, 2013) (failing "to discuss a May 2009 evaluation by examining physician . . . or to explain why the opinions contained in that evaluation were rejected" is reversible error). In any event, the VA found that Plaintiff was 100% disabled due to his PTSD.[4] (AR 515).

Defendant also argues that the ALJ's opinion was supported by the findings of the Agency consultant's opinion. (Dkt. No. 24 at 5-6). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831 (emphasis in original). In any event, the ALJ rejected the Agency medical consultants' moderate functional limitations (AR 23-24), and thus it is unclear which evaluations the ALJ relied on in formulating his RFC. The ALJ's lay opinion on Plaintiff's medical condition

---

[4] The VA's disability report is discussed in more detail below.

11

cannot provide the medical evidence need to support the ALJ's RFC determination. See Tackett, 180 F.3d at 1102-03 (there was no medical evidence to support the ALJ's determination); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); accord Najera v. Colvin, No. CV 16-2442, 2016 WL 7167887, at *3 (C.D. Cal. Dec. 8, 2016). The ALJ appears to have substituted his own judgment for that of Dr. Chambers and failed to give specific and legitimate reasons for doing so.

The ALJ concluded that Plaintiff's "allegation of disability was damaged by the acknowledgments in the record regarding [Plaintiff's] functional capacity." (AR 24). The ALJ noted Plaintiff's activities of daily living, which include taking care of personal hygiene, household chores, shopping, walking, and exercising. (AR 24). However, the ALJ does not explain how any of these activities contradict Dr. Chambers's clinical findings or how they demonstrate an ability to perform fulltime work. The ability to perform some activities of daily living does not necessarily equate with the ability to perform fulltime work. See Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("[T]he mere fact that a plaintiff has carried on certain daily activities does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled.") (citation and alterations omitted).

Finally, Dr. Chambers's opinion is consistent with other record evidence. On January 8, 2016, Plaintiff was seen at the VA and was noted to need help with feeding, bathing, personal hygiene, preparing meals, transportation, managing medications, and managing finances. (AR 391-92). On June 13, 2016, Plaintiff reported continued issues with insomnia and nightmares. (AR 384). He exhibited symptoms of hypomania, PTSD, pressured speech, and racing thoughts. (AR 384).

In sum, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Chambers's opinion. On remand, the ALJ shall reevaluate the weight to be afforded Dr. Chambers's opinion.

**B.    The ALJ Failed To Develop The Record And Failed To Properly Assess The VA's Disability Rating**

The Veteran's Administration determined that Plaintiff's PTSD with bipolar disorder and alcohol abuse (in remission) caused a 100% disability rating. (AR 515). While the VA report noted that the supporting evidence was "enclosed" (AR 515), no supporting evidence is included in the record.[5] The ALJ found "[t]his single page form . . . not persuasive because it did not include any discussion of the objective findings on which the conclusion was based." (AR 22).

---

[5] On October 19, 2017, Plaintiff's counsel informed the Agency that "additional evidence remains outstanding from VA West Los Angeles." (AR 326).

13

The ALJ must ordinarily give the VA's disability determination "great weight." Hiler v. Astrue, 687 F.3d 1208, 1211 (9th Cir. 2012); see Luther v. Berryhill, 891 F.3d 872, 876 (9th Cir. 2018) ("We have found great weight to be ordinarily warranted because of the marked similarity between these two federal disability programs.") (citation omitted). Nevertheless, because the VA's and Agency's criteria for determining disability are not identical, the VA's disability rating is not dispositive. McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011). The ALJ may give the VA's determination less weight if he or she provides "persuasive, specific, valid reasons" that are "supported by the record." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009); see Luther, 891 F.3d at 877 ("Simply mentioning the existence of a VA rating in the ALJ's decision is not enough. [Instead, the ALJ must] . . . provide . . . persuasive, specific, and valid reasons for rejecting it.").

While the absence of supporting evidence provides a specific and valid reason for rejecting the VA's report, the ALJ also has an obligation to develop the record. In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. However, the "ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); accord McLeod, 640 F.3d at 885 & n.3.

Here, there is a compelling need to develop the record. The VA's 100% disability determination is ordinarily entitled to "great weight." Luther, 891 F.3d at 876. The record, however, lacks the VA's supporting evidence. Thus, the present record is both ambiguous and inadequate for the ALJ to properly evaluate the VA's report and findings, yet the ALJ is required to give the VA decision "great weight". On remand, the ALJ shall assist Plaintiff in seeking the supporting evidence from the VA and shall either give the VA's disability determination great weight or provide persuasive, specific, and valid reasons for rejecting it. Luther, 891 F.3d at 876-77.

## VI.

## CONCLUSION

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: April 23, 2019

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**